UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOAN BROWN on behalf of RAYON RATTIGAN,**

**Plaintiff,**

**v.** **Case No. 6:24-cv-1900-CEM-RMN**

**RON DESANTIS, MICHAEL J. CHITWOOD, WILLIAM D. MAXWELL, DEPUTY LUOMA, and DEPUTY ZIMMERER,**

**Defendants.**

_________________________________/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Motion to Proceed *In Forma Pauperis* ("Motion," Doc. 39). The United States Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 45), recommending that the Motion be denied, the Fourth Amended Complaint (Doc. 38) be dismissed for lack of standing, and Plaintiff not be given leave to amend. Plaintiff filed a Motion for Reconsideration (Doc. 47), which the Court construes as an Objection.

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's R&R concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration

of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff seeks to proceed as "next friend" of her son, Rayon Rattigan. "Generally, plaintiffs may not sue on behalf of third parties." *Harris v. Buckhorn*, 545 F. App'x 862, 863 (11th Cir. 2013). However, "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend." Fed. R. Civ. P. 17(c)(2). "'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Lonchar v. Zant*, 978 F.2d 637, 641 (11th Cir. 1992). "The would-be next friend must first prove that the real party in interest cannot pursue his own cause due to some disability such as mental incompetence or lack of access to court" and "must show some relationship or other evidence that would suggest that the next friend is truly dedicated to the interests of the real party in interest." *Id.* As the R&R explained, Plaintiff was previously advised of these requirements, (Oct. 6, 2025 R. & R., Doc. 24, at 4–6), and yet, her Fourth Amended Complaint still fails to adequately address them.

In her Objection, Plaintiff argues that she previously established that Rattigan has a disability and that she should not have to do so again. As an initial matter, the R&R is correct that amended complaints render the prior pleadings a nullity.

*Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). Regardless, even if the Court were to consider the allegations in Plaintiff's previous pleading, she merely alleges that Rattigan is "disabled from birth due to a congenital disease," that during primary school "he had to be transported alone," and that he was previously on medication. (Third Am. Compl., Doc. 25, at 4). Plaintiff also alleges that Rattigan's incarceration imposes practical barriers that make it difficult for him to represent himself. (*Id.*). These allegations are insufficient to confer next friend standing. *See Francis v. Warden, FCC Coleman - USP*, 246 F. App'x 621, 623 (11th Cir. 2007) ("[T]here is no reason to think that [an individual's] incarceration alone would prevent him from filing [claims] on his own behalf."); *Rozetta v. Geo Grp., Inc.*, No. 2:26-cv-102-KCD-NPM, 2026 U.S. Dist. LEXIS 24713, at *4 (M.D. Fla. Feb. 6, 2026) ("[O]ther than stating that [the individual] is a prisoner and has suffered a mandibular fracture, [the plaintiff] does not provide an adequate explanation for why he cannot appear on his own behalf to prosecute this civil rights action and has not otherwise shown she is entitled to next friend status."); *Mickelson v. Mickelson*, No. 5:16-cv-267-KKC, 2016 U.S. Dist. LEXIS 94467, at *3 (E.D. Ky. July 20, 2016) ("Plaintiff's bare assertion that she has several disabilities . . . is insufficient to justify appointment of a next friend."); *Dietzler v. Moshe & Marcy, Dirot Props.*, No. 07-C-744, 2007 U.S. Dist. LEXIS 65720, at *2 (E.D. Wis. Sep. 4, 2007) (finding "vague references to [the plaintiff's] father's 'disability' and 'brain

injury'" did "not adequately explain why [her father could not] bring suit as the real party in interest" and were "insufficient to establish 'next friend' standing").

Plaintiff also expresses concerns over certain documents being filed and others not being filed on the record. Plaintiff appears upset that her original Fourth Amended Complaint was filed on July 6, 2026, despite her telling someone in the Clerk's office to throw it in the trash and replace it with documents she filed on July 9, 2026. (Doc. 47 at 10). However, the documents Plaintiff filed on July 9, 2026, are also part of the record, (Supplement to Compl., Doc. 42), were considered by the Court, and do not change the outcome of the standing analysis. The remainder of Plaintiff's Objection addresses administrative matters, her access to pacer, and the mailing address of record.[1] To the extent these statements are objections to the R&R, they lack merit.

Therefore, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Magistrate Judge's recommended disposition is accepted and the R&R is incorporated herein by reference. *See Williams v. Omega Labs. Inc.*, 2026 WL 1847300, at *2 (11th Cir. June 26, 2026) (holding that a district court need not "restate what was already detailed" by the Magistrate Judge and adopted into the order).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

[1] Plaintiff appears concerned that certain documents were signed by a judge in Orlando but mailed from Tampa. To be clear, the Middle District of Florida has divisions in Jacksonville, Orlando, Ocala, Tampa, and Fort Myers, and utilizes district-wide staff.

1. The Report and Recommendation (Doc. 45) is **ADOPTED** and made a part of this Order.
2. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 39) is **DENIED**.
3. The Fourth Amended Complaint (Doc. 38) is **DISMISSED for lack of standing**.
4. Plaintiff's Motion to Enforce Court Order for Certificate and Six-Month Account Statement (Doc. 41) is **DENIED as moot**.
5. Plaintiff's renewed Motion to Proceed *In Forma Pauperis* (Doc. 48) is **DENIED as moot**.
6. The Clerk is directed to close this case.
7. The Clerk is further directed to mail a copy of this Order to Joan Brown at 1250 Bailey Ave., Deltona FL, 32725.

**DONE** and **ORDERED** in Orlando, Florida on November 2, 2026.

CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party